IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01986-RMR-KLM

SHENELLE LOVATO, and
ALEXIS SUAREZ,

      Plaintiffs,

v.

WILLIAMS MAHLER, in his individual capacity,
COMMUNITY CORRECTIONS INC.,
MARK WESTER, in his individual capacity,
KIRSTEN MARTINEZ, in her individual capacity,
HILLARY JOHNSON, in her individual capacity,
ANTONETE JARAMILLO, in her individual capacity, and
BOBBI VIGIL, in her individual capacity,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiffs' **Unopposed Motion to Stay Discovery**

[#44][1] (the "Motion to Stay").  Plaintiffs ask the Court to stay discovery in this case until after

the District Judge has ruled on Defendants' pending Motions to Dismiss [#26, #27] filed in

November 2021.

      Although the stay of proceedings in a case is generally disfavored, the Court has

discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp.*

*v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June

_____

    [1]   "[#44]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's case management and electronic case filing system
(CM/ECF).  This convention is used throughout this Order.

6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stating that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction; *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in

either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, the parties assert no potential prejudice to Plaintiffs from a stay, and, indeed, Plaintiffs have brought the motion seeking a stay. The Court therefore finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, Defendants are unopposed to the stay of discovery. While the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an *undue* burden, proceeding could be wasteful if the District Judge grants the Motions to Dismiss [#26, #27]. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]"). The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no identified nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motions to Dismiss [#26, #27] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#44] is **GRANTED**.

DATED: March 8, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge