IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01986-RMR-KLM

SHENELLE LOVATO, and
ALEXIS SUAREZ,

    Plaintiffs,

v.

WILLIAMS MAHLER, in his individual capacity,
COMMUNITY CORRECTIONS INC.,
MARK WESTER, in his individual capacity,
KIRSTEN MARTINEZ, in her individual capacity,
HILLARY JOHNSON, in her individual capacity,
ANTONETE JARAMILLO, in her individual capacity, and
BOBBI VIGIL, in her individual capacity,

    Defendants.

---

## ORDER

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Leave to File Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B)** [#39][1] (the "Motion"). Defendants Community Corrections Inc., Mark Wester, Kirsten Martinez, Hillary Johnson, Antonete Jaramillo, and Bobby Vigil (collectively, the "ComCor Defendants") filed a Response [#48] in opposition to the Motion [#39], and Plaintiffs filed a Reply [#49]. The Motion [#39] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72. *See* [#40]. The Court has reviewed the

---

[1] "[#39]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

- 1 -

Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#39] is **GRANTED**.

Plaintiffs filed this lawsuit on July 22, 2021. *Compl.* [#1]. All Defendants subsequently filed Motions to Dismiss [#26, #27] on November 19 and 22, 2021. Plaintiffs requested an extension of time until December 20, 2021, to respond to the Motions to Dismiss, which the Court granted. *See* [#33, #35]. Plaintiffs filed an Amended Complaint [#36] on December 20, 2021, which the Court struck on December 21, 2021, for failure to comply with Fed. R. Civ. P. 15(a)(2) and D.C.COLO.LCivR 15.1. Plaintiffs filed the present Motion [#39] on December 22, 2021, seeking leave to amend the Complaint [#1] to cure purported pleading deficiencies identified by Defendants in the Motions to Dismiss. The proposed amendments clarify certain claims and allegations and do not add any new claims or defendants. *See Proposed Am. Compl.* [#39-1].

As an initial matter, the deadline to amend pleadings has not yet been set, and therefore the Motion [#39] is therefore timely. Thus, the Court turns directly to Rule 15(a)(2). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (stating that the Court need only address Fed. R. Civ. P. 16(b)(4) when the amendment request is untimely).

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)(2)). The ComCor Defendants argue that the proposed Amended Complaint [#39-1] would not survive a motion to dismiss because it fails to cure the purported deficiencies in the initial Complaint [#1]. *See Response* [#48].

It is well-settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving [it] the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in [its] complaint." *Id.* (quotations omitted).

The Court is not inclined to delve deeply into the merits of the ComCor Defendants' arguments here for several reasons. While futility arguments often can and should be addressed in connection with a motion for leave to amend a complaint, in many situations "futility arguments are better addressed in a Motion to Dismiss." *Godfrey v. United States*, No. 07-cv-02165-MSK-MEH, 2008 WL 80302, at *2 (D. Colo. Jan. 7, 2008). The Court finds this situation to be one in which Defendants' arguments would be better addressed elsewhere. Defendants' arguments rely on a detailed examination of Plaintiffs' current and proposed allegations. On a motion seeking leave to amend, such arguments are

generally underdeveloped because the Court lacks the full briefing of a motion, response, and reply regarding the merits of the Rule 12(b)(6) argument. The ComCor Defendants do incorporate their pending Motion to Dismiss [#27], but they have not briefed with adequate specificity how the arguments in that motion may or may not apply to the proposed changes made in the Amended Complaint [#39-1]. The Court is not inclined to do this work sua sponte when it is the ComCor Defendants' responsibility to do so in the first instance. In short, it is not appropriate for the Court to examine the allegations to resolve underdeveloped issues between the parties at this very early stage in the proceedings, i.e., on a motion seeking leave to amend. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). This is particularly true here where the current Motions to Dismiss are pending before the District Judge and where the Court has not yet examined the merits of Plaintiffs' claims previously to determine whether they have been adequately pled.

Guided by the rule that amendments pursuant to Rule 15(a) are freely granted, Plaintiffs should be afforded the opportunity to test their claims under Rule 12(b)(6). *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by plaintiff[s] may be a proper subject of relief, [they] ought to be afforded an opportunity to test [their] claim on the merits."). The Court makes no comment regarding the sufficiency of the claims in the Amended Complaint [#39-1] at this time, because the Court is inclined instead to allow Plaintiffs to amend and leave the question of whether they have adequately stated claims against Defendants to be decided on fully-briefed dispositive motions, if any, or at trial.

- 5 -

For the reasons set forth above, and considering that leave to amend should be freely given, the Court permits Plaintiffs leave to file their proposed Amended Complaint [#39-1].

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#39] is **GRANTED**. The Clerk of Court shall accept Plaintiffs' proposed Amended Complaint [#39-1] for filing as of the date of this Order.

Dated: April 27, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge