**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:21-CV-01986-RMR-KMT

SHENELLE LOVATO,
ALEXIS SUAREZ,

    Plaintiffs,

v.

WILLIAM MAHLER in his individual capacity,
COMMUNITY CORRECTIONS, INC.,
MARK WESTER in his individual capacity,
KIRSTEN MARTINEZ in her individual capacity,
HILLARY JOHNSON in her individual capacity,
ANTONETE JARAMILLO in her individual capacity,
BOBBI VIGIL in her individual capacity.

    Defendants.

---

**MOTION TO DISMISS AMENDED COMPLAINT**

---

Defendants Community Corrections, Inc. ("ComCor"), Mark Wester, Kirsten Martinez, Hillary Johnson, Antonete Jaramillo, and Bobbi Vigil (collectively, "Movant Defendants"), by and through their attorneys of record, Treece Alfrey Musat P.C., hereby submit their Motion to Dismiss Plaintiffs' Amended Complaint for Civil Rights and Tort Violations (ECF No. 53, filed 4/27/22) ("Amended Complaint"), pursuant to Fed. R. Civ. P. 12(b)(6).

**I.    INTRODUCTION**

Plaintiffs Shenelle Lovato and Alexis Suarez each assert that she was sexually assaulted by ComCor employee William Mahler ("Mahler") while housed at ComCor's facility.

1

As against Mahler, both Plaintiffs assert these claims: 42 U.S.C. § 1983 "Eight[h] Amendment – Cruel and Unusual Punishment/ Excessive Force"; 42 U.S.C. § 1983 "Fourteenth Amendment – Substantive Due Process – Invasion of Bodily Integrity"; and "Intentional Tort (Battery-Sexual Assault)."

As against the Movant Defendants, Plaintiffs assert the same constitutional claims, the intentional tort claim, and also a claim for negligent supervision.

The Movant Defendants seek to dismiss all of Plaintiffs' claims against them as a matter of law because Plaintiffs have set forth in their Complaint only conclusory allegations that do not provide fair notice to the Movant Defendants of the grounds for the claims made against each of them. Accordingly, Plaintiffs' claims are not "plausible," and so dismissal of Plaintiffs' claims against the Movant Defendants is warranted.

## II.    STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). "Plausibility" refers to "the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The allegations of a complaint must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

2

A complaint "must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

"[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal punctuation omitted). A court ruling on a motion to dismiss "should disregard all conclusory statements of law and consider *whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable*." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (emphasis added). These standards apply to a plaintiff's claims, no matter their nature. *See, e.g. Sinclair Wyoming Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 764-65 (10th Cir. 2021) (standards applied to breach of contract, negligence, and strict products liability claims).

### III.     ALLEGATIONS OF THE COMPLAINT[1]

ComCor provides housing and other services to Colorado Department of Corrections inmates. Amended Complaint, ¶ 6. On August 31, 2019, Plaintiff Shenelle Lovato, an inmate at the ComCor facility in Colorado Springs, was sexually assaulted by ComCor employee William Mahler ("Mahler"). Amended Complaint, ¶ 22. In August and September of 2019, Plaintiff Alexis Suarez, also an inmate at that ComCor facility, was sexually assaulted by Mahler on four occasions. *Id.* at ¶¶ 29, 31-33.

---

[1] The Movant Defendants accept these allegations as true only for the purpose of this Motion to Dismiss.

IV.   ARGUMENT

In Plaintiffs' Amended Complaint, the most often repeated phrase appears to be Plaintiffs' wholesale listing of the Movant Defendants. Plaintiffs repeatedly allege that "COMCOR, Mark Wester, Kirsten Martinez, Antonete Jaramillo, Hillary Johnson, and Bobbi Vigil" did or did not do this or that. These non-specific allegations that lump together the Movant Defendants are found in 27 paragraphs of the Amended Complaint (¶¶ 13-19, 26, 44-47, 49, 55, 58-63, 65, 67, and 69-73) – in every claim in the Amended Complaint except the first claim, which is asserted only against Mahler.

For example, in Paragraph 13 of the Amended Complaint, Plaintiffs allege in pertinent part: "From the time of hiring, until Mr. Mahler's termination[,] COMCOR, Mark Wester, Kirsten Martinez, Antonette Jaramillo, Hillary Johnson, and Bobbi Vigil[] failed to train Mr. Mahler regarding the safety of inmates, proper boundaries between staff and inmates, [and] inmates['] right to be free from sexual assaults and harassment." Plaintiffs do not allege what specific action each of the Movant Defendants took, when each Movant Defendant took the (un)specified action, or how the (un)specified action harmed each of the Plaintiffs. Nor do Plaintiffs alleged who of the Movant Defendants – if any – was responsible for this failure to train.

### A.  Plaintiffs' § 1983 claims should be dismissed because they do not meet the "plausibility" standard that applies to all claims and because they do not meet the additional standards that apply to § 1983 claims.

In addition to the "plausibility" standard described above, in the context of claims based on 42 U.S.C. § 1983, "plausibility" requires the plaintiff to "directly link *an actual individual* with the alleged improper conduct." *VanZandt v. Okla. Dep't of Human Servs.*, 276 Fed. Appx.

4

843, 849 (10th Cir. 2008) (emphasis added).  In § 1983 actions, where the defendants may be a government agency or other entity and also its employees "sued in their individual capacities," it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her[.]"  *Robbins*, 519 F.3d at 1249-50 (emphases in original).  "[I]t is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants" in order to allege a viable § 1983 claim."  *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (emphases in original); *see Holdridge v. Blank*, 255 F. Supp. 3d 1088, 1098 (D. Colo. 2017).

A complaint that refers to the actions of the defendants, collectively, is not sufficient to show how a particular defendant might be liable for alleged deprivations of the plaintiff's constitutional rights.  *Pahls*, 718 F.3d at 1226; *see Robbins*, 519 F.3d at 1250 ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").  The burden rests on the plaintiff "to provide fair notice of the grounds for the claims made against *each* of the defendants."  *Robbins*, 519 F.3d at 1250 (emphasis added).

These same particularity requirements apply "with full force when a plaintiff proceeds under a theory of supervisory liability."  *Pahls*, 718 F.3d at 1226.  Because various employees "often have 'different powers and duties,'" a plaintiff must "identify the specific policies over which the particular defendants possessed responsibility and that led to the alleged constitutional violation."  *Id.*

### 1.  Plaintiffs' § 1983 Claim Based on the Eighth Amendment fails to meet the plausibility requirements and should be dismissed.

In Plaintiffs' claim for violation of § 1983, Eighth Amendment, they allege that "Defendants COMCOR, Mark Wester, Kirsten Martinez, Antonette Jaramillo, Hillary Johnson, and Bobbi Vigil" – all of them – violated Plaintiffs' constitutional rights in that they: "improperly and inadequately trained and supervised employees at COMCOR"; "improperly and inadequately trained and supervised [William] Mahler"; "engaged in a custom of suppressing, denying, or disregarding incidents of sexual misconduct"; "created an environment that put all of the female inmates at COMCOR at risk for sexual assaults"; and "cut corners relating to inmate safety."  Amended Complaint, ¶¶ 46, 47.

These general allegations plainly fail the plausibility test as explained in *Robbins*: Plaintiffs have provided a "list of the defendants named individually but with no distinction as to what acts are attributable to whom." *Robbins*, 519 F.3d at 1250.  It is "impossible" for the Movant Defendants "to ascertain what particular unconstitutional acts" are alleged to have been committed by "each of the defendants." *Id.*  These allegations are thus not sufficient to sustain Plaintiffs' § 1983 claim. *Id.*

Plaintiffs then purport in this same claim to identify "practices" which "put the female inmates at risk."  Amended Complaint, ¶ 47.  But here again, Plaintiffs make these allegations as against all the Movant Defendants, with "no distinction as to what acts are attributable to whom." *Robbins*, 519 F.3d at 1250.  These allegations are that all of the Movant Defendants required Plaintiffs to sign an "Acknowledgement" regarding sexual contact between inmates and staff; failed to "conduct adequate internal investigations of rape allegations"; "failed to advise inmates of their rights" pursuant to the Prison Rape Elimination Act ("PREA"); "failed to train

6

faculty pursuant to PREA guidelines"; failed to "perform any risk assessment for inmates"; "failed to   correct any of the problems pointed out by" the Department of Public Safety's 2017 Audit; "failed to safeguard inmates who might be at high risk of sexual assault"; "failed to take any meaningful steps to correct" "blind spots" at the facility; "failed to train faculty on the recognition and prevention of sex assaults by other faculty on inmates"; "failed to adequately staff the female wards in order to prevent sex assaults"; and "failed to protect inmates from retaliation for reporting sexual harassment and sexual abuse." Amended Complaint, ¶ 47.

Although the alleged failures are slightly less generalized than the ones addressed above, they still do not "identify *specific* actions taken by *particular* defendants," and thus are not sufficient "to allege a viable § 1983 claim." *Pahls*, 718 F.3d at 1226.  Plaintiffs have also failed to "identify the specific policies over which the particular defendants possessed responsibility and that led to the alleged constitutional violation." *See id.*  It is impossible for any of the Movant Defendants to prepare a defense based on these insufficient allegations.

With respect to Movant Defendant Wester (only), Plaintiffs also allege that he "failed to protect the plaintiffs from the sexual assaults perpetrated by [Defendant] Mahler"; "improperly and inadequately trained and supervised [Defendant] Mahler"; "fostered an environment that discouraged inmates from reporting violations"; and "failed to implant [sic] physical plant/ monitoring strategies to prevent sex assaults by staff against inmates." Amended Complaint, ¶¶ 45, 46, 47.

With respect to the first three of these allegations, they are, just as the other allegations, so general that it is not possible for Movant Defendant Wester to prepare a defense because Plaintiffs have failed to allege any "specific action" by him. *See Pahls*, 718 F.3d at 1226.  And,

7

the fourth allegation against Movant Defendant Wester with respect to "physical plant/ monitoring strategies," Plaintiffs again do not identify any "specific action" taken, or not taken, by Movant Defendant Wester.

Furthermore, with respect to a § 1983 claim based on a "policy" of inadequate training, a failure to train claim may lie "where there is essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016). "It is not enough to allege 'general deficiencies' in a particular training program." *Id.*

A § 1983 claim based on a "policy" of inadequate training also requires a showing that the failure to train "reflects deliberate indifference to the constitutional rights" of the plaintiff. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989). "Deliberate indifference," or "conscious disregard," is a "stringent standard of fault." *Connick v. Thompson*, 563 U.S. 51, 61-62 (2011). In order to prove "deliberate indifference," it is "ordinarily necessary" to demonstrate "a pattern of similar constitutional violations by untrained employees" of which the defendant is "actually" aware. *Id.* at 62; *see Keith*, 843 F.3d at 848. Plaintiffs have not made any *specific* allegations describing a pattern of similar conduct by improperly trained ComCor employees.

Finally, Plaintiffs may argue that this fourth allegation of a failure to implement "physical plant/ monitoring strategies to prevent sex assaults by staff against inmate" pertains to ComCor generally, *see* Amended Complaint ¶ 47, and to "video surveillance systems" that Plaintiffs allege should have covered, but did not cover, every square inch of the facility.

In order for ComCor to have liability for constitutional violations, just as is true with municipalities, Plaintiffs must allege that ComCor had an official policy or custom that was "the

'direct cause' or 'moving force' behind the constitutional violations." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *see Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215-16 (10th Cir. 2003); *see generally DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 723 (10th Cir. 1988).[2]  The particular constitutional violation must have been "caused" by the policy, and, "[a]t the very least, there must be an affirmative link between the policy and the particular constitutional violation alleged." *Tuttle*, 471 U.S. at 823.

Here, Plaintiffs have not, and cannot, allege that ComCor's alleged failure to install "video surveillance systems" to cover every nook and cranny of the facility "caused" or comprised an "affirmative link" with their sexual assaults.  It was Mahler himself who "caused" these alleged sexual assaults to occur.  Mahler's alleged conduct could only have been intentional.  As discussed below, there is no specific factual allegation that ComCor or any of the Movant Defendants knew or had reason to believe Mahler was likely to commit a sexual assault.

And, contrary to Plaintiffs' implicit assumption, there is no "constitutional right" to continuous observation or surveillance of every square inch of the facility at all times.  *See Popham v. City of Talladega*, 908 F.2d 1561, 1565 (11th Cir. 1990) (in a § 1983 claim for failure to prevent prisoner's suicide, "there were no guards on duty for the last shift and the . . . camera [failed] to cover the small area of the cell in which the decedent committed suicide" but that "prisoners are not seen by jailers at all times" does not demonstrate the "deliberate indifference" necessary to show violation of a constitutional right); *see also Growchowski v. Clayton County,*

---

[2] The requirement of a policy or custom makes clear that the corporation's liability is limited to "constitutional violations" for which the corporation is "actually responsible." *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *see also Dubbs*, 336 F.3d at 1215 (a corporation cannot be held vicariously liable under § 1983 for torts committed by an employee based only on employment relationship).

*Georgia*, No. 1:14-CV-2586-TWT, 2018 WL 4680408 at *8 (N.D. Ga., Sept. 28, 2018) (rejecting a call for "continuous or near-continuous supervision of cell interiors" and noting that the Court was unaware of "any cases holding that continuous supervision of double-celled inmates is required by the Constitution").

For all of these reasons, Plaintiffs' § 1983 claim against the Movant Defendants based on the Eighth Amendment should be dismissed.

### 2. Plaintiffs' § 1983 Claim Based on the Fourteenth Amendment fails to meet the plausibility requirements and should be dismissed.

In their claim for violation of § 1983, Fourteenth Amendment, Plaintiffs make similar blanket allegations, such as: "Defendants COMCOR, Mark Wester, Kirsten Martinez, Antonette Jaramillo, Hillary Johnson, [and] Bobbi Vigil failed to properly and effectively train, supervise, [and/or] discipline their employees, including William Mahler, regarding sexual abuse of inmates." *Id.* at ¶ 59.

Plaintiffs have again utterly failed to explain what each Movant Defendant did to each Plaintiff, when the particular Movant Defendant did that act, how that Movant Defendant's act harmed which Plaintiff, and what specific legal right each Plaintiff believes each Movant Defendant violated. *See Nasious*, 492 F.3d at 1163. Plaintiffs have failed to identify the "specific actions taken by particular defendants" and have pleaded their allegations as if the Movant Defendants were somehow interchangeable individuals. *See Robbins*, 519 F.33d at 1249-50.

It is simply impossible for any of the Movant Defendants to ascertain what particular acts they are alleged to have committed. Accordingly, under *Pahls*, *Robbins*, and *Nasious*, the

10

Movant Defendants are entitled to dismissal of Plaintiffs' § 1983 claims under the Fourteenth Amendment.[3]

> **B. Plaintiffs have failed to plausibly allege that any of the Movant Defendants knew or should have known that Mahler's conduct would subject female inmates to an unreasonable risk of harm, and so the claims for negligent supervision and intentional tort against the Movant Defendants must be dismissed for this reason as well.**

A claim for negligent supervision requires that a plaintiff prove that the employer had a duty to prevent an unreasonable risk of harm to third persons "to whom the employer knows or should have known that the employee would cause harm." *Keller v. Koca*, 111 P.3d 445, 448 (Colo. 2005). The knowledge of the employer is a necessary component of a claim for negligent supervision: the liability of the employer "is predicated on the employer's antecedent ability to recognize a potential employee's 'attribute[s] of character or prior conduct' which would create an undue risk of harm to those with whom the employee came in contact in executing his employment responsibilities." *Moses v. Diocese of Colorado*, 863 P.2d 310, 327 (Colo. 1993); *see Keller*, 111 P.3d at 448. Where the employer did not know or had no basis to know of an employee's prior sexual misconduct, the trial court's dismissal of a claim for negligent supervision is proper. *See Van Osdol v. Vogt*, 892 P.2d 402, 409 (Colo. App. 1994); *Keller*, 111 P.3d at 448.

---

[3] In this claim, Plaintiffs assert that all of the Movant Defendants violated Plaintiffs' constitutional rights "[b]y employing William Mahler in a position that allowed him unsupervised access to female inmates, with, in spite of [sic] knowledge that Mr. Mahler posed a substantial risk of serious harm." But Plaintiffs have failed to allege any specific facts as to what "knowledge" was possessed by which of the Movant Defendants. This issue is further addressed below.

The same analysis applies under agency law. Section 213 of the Restatement (Second) of Agency provides that "[a] person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless . . . in the employment of improper persons or instrumentalities in work involving risk of harm to others." As explained in Comment d to this section, an employer may be liable for the conduct of an employee "not because of the relation of the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment." *See Keller*, 111 P.3d at 448.

Here, in the context of Plaintiffs' claims against the Movant Defendants for negligent supervision and "intentional tort (battery-sexual assault)," Plaintiffs fail to make the necessary allegation that whoever it was who was responsible for hiring and/or supervising Mahler knew or should have known that Mahler had an "attribute of character or prior conduct" that would create an "undue risk of harm" to Plaintiffs. *See Moses*, 863 P.2d at 327.

Instead, in their claim for negligent supervision, Plaintiffs make only the most general allegation, not as to Mahler but as to "male staff members" generally: Plaintiffs allege that the Movant Defendants "were aware of the dangers of sexual assaults by male staff members against female inmates." Amended Complaint, ¶70. But this allegation is not sufficient. Plaintiffs have failed to make the necessary allegation that a particular Movant Defendant knew or should have known, based on some aspect of Mahler's background that would have been revealed by reasonable investigation, that there was a risk that Mahler – not just any "male staff member" –

would sexually assault "female inmates," including Plaintiffs.  Accordingly, the claim for negligent supervision against the Movant Defendants is not "plausible," as is required by federal pleading standards.

The insufficiency of Plaintiffs' pleading of their claim against the Movant Defendants for "intentional tort (battery-sexual assault)" is even more plain.  As to the Movant Defendants, Plaintiffs' allegation to support this claim is only this single sentence:  "Due to the existence and nature of the agency relationship between Defendant Mahler and [the Movant Defendants] at the time of the sexual misconduct, [the Movant Defendants] are legally liable for his conduct." Amended Complaint, ¶ 55.

Plaintiffs make no allegation that any Movant Defendant "antecedently had reason to believe that an undue risk of harm would exist because of the employment."  *See Keller*, 111 P.3d at 448.  Accordingly, Plaintiffs' claims against the Movant Defendants must be dismissed.

Plaintiffs may be expected to argue that they alleged that "COMCOR failed to conduct an adequate investigation into Mr. Mahler's history . . . '(including working as a male stripper)'" *see* Amended Complaint, ¶ 12, and that this allegation is sufficient for this Court to draw the conclusion that, if Movant Defendants knew or should have known from a background check that Mahler had been a "male stripper," they knew or should have known that Mahler presented "an undue risk" of sexual assault to female inmates.

But, even assuming that that Mahler had been "male stripper," there is an "insufficient nexus of foreseeability" between the work of a "male stripper" and the alleged sexual assaults here.  *See Van Osdol*, 892 P.2d at 408 (that the defendant "had been involved in an extra-marital affair with a parishioner at another church" was "sufficiently different" from the "alleged sexual

13

harassment and abuse" of the defendant's minor stepdaughter that it did not create a duty on the part of the defendant's employer in that case to foresee the defendant's conduct).

Plaintiffs' claims for negligent supervision and intentional tort against the Movant Defendants should be dismissed.

## V.    CONCLUSION

Defendants respectfully request that this Court grant this Motion to Dismiss, dismiss Plaintiffs' Amended Complaint as to Defendants with prejudice, and enter any other relief deemed just.

Dated this 12th day of May, 2022.

>    */s/ Paul E. Collins*
> Paul E. Collins
> Rachelle J. Veikune
> TREECE ALFREY MUSAT P.C.
> 633 17th Street, Suite 2200
> Denver, CO 80202
> Telephone:  303-292-2700
> Facsimile:   303-295-0414
> Email: pcollins@tamlegal.com
> Email: rveikune@tamlegal.com
> *Attorneys for Defendants, Community Corrections, Inc., Mark Wester, Kirsten Martinez, Hillary Johnson, Antonete Jaramillo, and Bobbi Vigil*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of May, 2022, a true and correct copy of the foregoing was filed via CM/ECF and electronically transmitted to the following by email:

Joshua Tolini - joshuatolini@hotmail.com
Baker & Tolini, P.C.
*Attorney for Plaintiffs*

Anthony J. Lally IV - alally@wsteele.com
John C. Matthews -  jmatthews@wsteele.com
Douglas W. Poling - dpoling@wsteele.com
White and Steele, P.C.
*Attorneys for Defendant William Mahler*

                                              *s/ Victoria Reimche*
                                              Victoria Reimche