IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Shenelle Lovato,
Alexis Suarez,

 Plaintiffs,

 v.

WILLIAMS MAHLER in his individual capacity,
COMMUNITY CORRECTIONS INC,
MARK WESTER in his individual capacity,
KIRSTEN MARTINEZ in her individual capacity,
HILLARY JOHNSON in her individual capacity,
ANTONETE JARAMILLO in her individual capacity
BOBBI VIGIL in her individual capacity,

Defendants.

**RESPONSE REGRADING MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiffs, **SHENELLE LOVATO AND ALEXIS SUAREZ**, by and through their undersigned counsel, state as follows:

**FEDERAL RULES OF PROCEDURE 12(b)(6)**

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6) the Court must assume as true all well pleaded facts in the Plaintiff's complaint and view such in a light

most favorable to the Plaintiffs. Zinemon v. Burch, U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).

Rule 12(b)(6) does not require detailed factual allegations. Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007). The issue in reviewing the sufficiency of the Plaintiff's complaint is not whether Plaintiff will prevail but whether he is entitled to offer evidence to support his claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is facially plausible. Twombly, at 570 (2007).

A claim is facially plausible when the allegations support a reasonable inference that the defendant acted unlawfully. Mayfield v. Bethards, 826 F.3d 1252, 1255 (10th Cir. 2016). In § 1983 cases, complaints must contain sufficient factual allegations to show "the defendants plausibly violated their constitutional rights and that those rights were clearly established at the time." Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008). And because motions to dismiss on the issue of qualified immunity are immediately appealable, § 1983 complaints must apprise the defendants of the theory upon which claims are premised. *Id.*

This requirement, however, does not require § 1983 complaints to include "all the factual allegations necessary to sustain a conclusion that defendant violated clearly established law." *Id.* Instead, § 1983 complaints "must meet the minimal standard of notice pleading as articulated by the Court in *Twombly*." *Id.*; Currier v. Doran, 242 F.3d at 905, 911–17 (10th Cir. 2001) (expressly rejecting such a heightened pleading standard because such a standard deviates from the Rule 8 pleading requirements). Granting a "motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but

also to protect the interests of justice." Dias v. City & Cnty of Denver, 567 F.3d 1169, 1178 (10th Cir. 2009).

**INTRODUCTION**

Plaintiffs' Amended Complaint requests relief from a pattern of sexual abuse to which they were subjected while they were inmates at ComCor. The sexual abuse was perpetrated by ComCor employee William Mahler.  Plaintiffs allege that the sexual abuse happened as a direct result of the actions and omissions of ComCor, Mark Wester, Kristen Martinez, Hillary Johnson, Antonette Jaramillo and Bobbi Vigil (ComCor defendants).  The ComCor defendants failed to implement measures to protect the inmates from sexual abuse.  The Plaintiffs allege the ComCor defendants were aware of the risk of sexual abuse, that they were aware of ComCor's deficiencies at preventing such abuse, and that they were deliberately indifferent to such risks.

Plaintiffs allege in the Amended Complaint that movants created an environment that discouraged the reporting of sexual abuse and empowered William Mahler to repeatedly rape the Plaintiffs.  Plaintiffs allege that the ComCor Defendants were aware that the failure to properly monitor the facility created the opportunity for sexual abuse against the inmates.  The actions and inactions of the ComCor Defendants constituted deliberate indifference to the widely known problem of sexual abuse at ComCor. The Court should deny Defendants' motion because Plaintiffs' Complaint clearly supports plausible claims against Defendants for violations of Plaintiffs' Eighth Amendment clearly established rights to be free from cruel and unusual punishment and Fourteenth Amendment clearly established substantive due process right to bodily integrity.

The ComCor defendant's have filed a Motion to Dismiss the Amended Complaint (doc. 55).  This motion appears to be almost a word for word duplicate of the Motion to Dismiss

Complaint (doc.27). Not only does the motion fail to address the Amended Complaint, the references cited by the ComCor defendants are to the Original Complaint, not the Amended Complaint. For example, in Paragraph 2 on Page 4 of the Motion to Dismiss the Amended Complaint, the ComCor defendants cite to Paragraph 13 of the Amended Complaint, but then quote from Paragraph 13 of the Original Complaint. Another example is Paragraph 3 of Page 7 of the Motion to Dismiss the Amended Complaint. The motion only references Movant Defendant Wester, who was the only defendant individually referred to in the Original Complaint. The Amended Compliant specifically lists the actions of the other individual defendants, specifically Hillary Johnson, Kristen Martinez, and Bobbi Vigil (Amended Complaint paragraph 58). It is unclear to counsel for the plaintiffs if this was intentional or a misfiling. Counsel tried to reach out to counsel for the ComCor defendants for clarification but received no response. Since the Motion to Dismiss the Amended Complaint seems to incorrectly address the Original Complaint only, counsel for plaintiffs is forced to use conjecture to ascertain the ComCor defendants' position in regards to the Amended Complaint. Since both Motions to Dismiss filed by the ComCor defendants seem to focus on a lack of specificity by the Plaintiffs, this Response will deal primarily with the specificity issue.

**ARGUMENT**

The Supreme Court has held that "a prison official's 'deliberate indifference' to a substantial risk of serious harm" implicates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 829(1970). "[W]hen the State takes a person into its custody and holds [her] there against [her] will, the Constitution imposes upon it a corresponding duty to assume some responsibility for [her] safety and general well-being." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 199–200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), J.K.J. v. Polk Cty., 960 F.3d

367, 381 (7th Cir. 2020), cert. denied sub nom. Polk Cty., Wisconsin v. J.K. J., 141 S. Ct. 1125, 208 L. Ed. 2d 563 (2021)  It is undisputed that a prison official's sexual assault against an inmate constitutes an Eighth Amendment violation. Green v. Padilla, 484 F. Supp. 3d 1098, 1155 (D.N.M. 2020).

In order to assert an Eighth Amendment claim under 42 U.S.C. § 1983 for supervisory liability the plaintiffs must plead factual allegations to show that the ComCor Defendants through their own actions, violated the Plaintiffs' constitutional rights. The plaintiffs must show an affirmative link between the ComCor defendants and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind. Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013). The third prong—culpable state of mind—can be established by showing that the official acted with deliberate indifference. Perry v. Durborow, 892 F.3d 1116, 1122 (10th Cir. 2018).

The Tenth Circuit has held repeatedly that correctional supervisors are liable for failing to protect inmates from abuse by the supervisors' staff. In Tafoya v. Salazar, the Tenth Circuit concluded that a sheriff was liable for failing to prevent sexual assaults in a jail, because he maintained a jail in which sexual assault was exceedingly likely. The sheriff maintained staff who did not report rapes, assaults and illegal activities; failed to enforce a no contact policy, failed to always have female detention officer on duty; failed to minimize blind spots where assaults could, and did, take place; and knew that having some cameras in the jail was not enough to deter assaults in unmonitored areas. Tafoya v. Salazar, 516 F.3d 912, 918-19(10th Circuit 2008).  The Tenth Circuit thus concluded that the requisite knowledge under the Eighth Amendment "need not be knowledge of a substantial risk to a particular inmate, or knowledge of the particular manner in which injury might occur." Id. 516 F.3d at 916. Based upon this a

supervisory correctional official is liable for an inmate's sexual assault when the supervisory official knew that there was an unacceptable risk of assault but did nothing to protect an inmate who was subsequently assaulted. Green v. Padilla, 484 F. Supp. 3d 1098, 1156 (D.N.M. 2020).

In order to state a claim for deliberate indifference, the Tenth Circuit confirmed that, under rule 8, "specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim and the grounds upon which it rests." Ullery v. Bradley, 949 F.3d 1282, 1288 (10th Cir. 2020). The correct test if when read in the context of the **entire** complaint, rather than in isolation, this allegation provides Defendant sufficient notice of the ground upon which Plaintiff's claim for relief rests. Green v. Padilla, 484 F. Supp. 3d 1098, 1154 (D.N.M. 2020).

Defendants argue specifically that they are left with little idea of where to begin in defending this matter, which mirrors the reasoning for the Tenth Circuit Court of Appeals dismissing a complaint in Robbins, 519 F.3d at 1245–46. The differences between Plaintiffs' Complaint and the plaintiffs' complaint in *Robbins* shows that dismissal is inappropriate in this case.

In Robbins, the plaintiffs filed a § 1983 complaint seeking redress for their deceased daughter's alleged constitutional violations and other various torts in connection with her death. Robbins, 519 F.3d. at 1246. The complaint named sixteen defendants, but it failed to mention which defendants had direct contact with the decedent and, for those defendants who had no direct contact with her, how they might be liable for the alleged constitutional deprivations. Id. at 1250.

The complaint also consistently referred to the defendants collectively which further exacerbated the issue. Id. The Tenth Circuit Court of Appeals found the complaint insufficient

for failing to apprise the defendants of the basis for their claims because the manner of pleading made it impossible for defendants to determine what they were allegedly liable for and was therefore insufficient to state a claim upon which relief could be granted. *Id.* at 1250, 1252–53; *See* Birdsong v. Unified Government of Kan. City, Kan., 2014 WL 2216904 (D. Kan. May 29, 2014) (describing the complaint in Robbins).

In stark contrast, here Plaintiff's Complaint contains over 80 paragraphs detailing each individual defendants' role in violating Ms. Suarez and Ms. Lovato's constitutional rights. [ECF No. 53]. Within these paragraphs, Ms. Johnson alone is expressly and individually mentioned in more than twenty paragraphs specifically detailing what she did or did not do that led to the rapes. At a minimum, the Amended Complaint describes Kirsten Martinez, Hillary Johnson, Antonette Jaramillo and Bobbi Vigil individually participating in the events that led to William Mahler raping two inmates on multiple occasions. Put another way, Plaintiffs' Complaint sufficiently describes the conduct of each defendant.

Furthermore, Robbins did "not create an absolute rule requiring the utmost precision from plaintiffs." Ferguson v. Bd of Cnty Comm'rs of Sierra Cnty., No. CV 11-1001 WPL/CG, 2013 WL 12334214, at *4 (D. N.M. Apr. 2, 2013) (analyzing Briggs v. Johnson, 274 Fed. App'x 730, 2008 WL 1815721 (10th Cir. Apr. 23, 2008). Instead, the relevant standard is Rule 8(a)(2), and the relevant inquiry is whether "each defendant knows why he or she was ever named in the complaint." Ferguson, 2013 WL 12334214, at *5; *see* FED. R. CIV. P. 8(a). Plaintiff's Amended Complaint when viewed in its entirety and each claim, when read in conjunction with the facts alleged, provide sufficient notice to each individual Defendant of the claims against them. *See* Ferguson, 2013 WL 12334214, at *4 (citing Briggs, at 736–37).

Moreover, each cause of action expressly lists the defendants against which relief is sought, and it only refers to defendants in the collective sense when appropriate. The other collective references to defendants are located throughout the individual causes of action, but notably each cause of action specifically details which individual ComCor defendants the claim is brought against. Id. at ¶¶ 98–169; See Birdsong, 2014 WL 2216904, at *4 (finding that, while paragraphs under the cause of action referred to a collective group of defendants, it was reasonably understood to mean the plaintiff was alleging all defendants identified in the cause of action engaged in the referenced conduct). If any of the defendants' actions are insufficient for liability to attach, they can present such evidence at summary judgment or at trial. Ferguson, 2013 WL 12334214, at *5. But at this stage of the proceedings, plaintiff's claims contain sufficient allegations to enable defendants to prepare a responsive pleading. Since the Motion to Dismiss the Amended Complaint [ECF 55] actually addresses only the Original Complaint, plaintiffs will outline the specific allegations against the individual defendants.

**Hillary Johnson**

The Amended Complaint contains numerous factual allegations against Ms. Johnson. These allegations clearly point out her personal involvement, how her actions and inactions caused the harm, and her state of mind. As the Director of Quality Assurance for ComCor, Ms. Johnson oversaw the operations of the residential program and was in charge of implementing the Prison Rape Elimination Act (PREA). PREA was enacted because the risks to female inmates in the confinement setting are obvious—indeed, PREA owes its very existence to that reality. J.K.J. v. Polk Cty., 960 F.3d 367, 384 (7th Cir. 2020), cert. denied sub nom. Polk Cty., Wisconsin v. J.K. J., 141 S. Ct. 1125, 208 L. Ed. 2d 563 (2021).

As the PREA coordinator, Ms. Johnson was aware of audits conducted pursuant to PREA.  In 2017, the PREA audit made Ms. Johnson aware of several substantial risks of sexual assault that existed at ComCor.  The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including **"reasonable measures to guarantee the safety of the inmates."**  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health, and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk. <u>Id</u>.

"A supervisory correctional official is liable for an inmate's sexual assault when the supervisory official knew that there was an unacceptable risk of assault but did nothing to protect an inmate who was subsequently assaulted." <u>Green v. Padilla</u>, 484 F. Supp. 3d 1098, 1156 (D.N.M. 2020).  The audit pointed out that the lack of video monitoring at ComCor created a substantial and unjustified risk that staff could perpetrate a sexual assault against an inmate.  Ms. Johnson had almost three years to try to rectify the risks, yet she chose to do nothing.  In fact, under Ms. Johnson's supervision the security cameras in place were not even monitored.  Ms. Johnson was aware of this and she was aware the staff at ComCor knew this.  William Mahler knew this and exploited this fact to rape the plaintiffs on multiple occasions.

The 10th Circuit has held that failure to monitor blind spots of video surveillance can amount to deliberate indifference to sexual assault.  "Sheriff Salazar knew that blind spots remained even after the installation of the new cameras and knew that having some cameras in

the jail was not enough to deter assaults in unmonitored areas." Tafoya v. Salazar, 516 F.3d 912, 919 (10th Cir. 2008). William Mahler would not have had the means or opportunity to rape the plaintiffs had not there been well known, significant blind spots in the surveillance cameras at ComCor.

The 2017 Audit and the Colorado Springs Police Department informed Ms. Johnson that the environment at ComCor intimidated inmates from bringing forth claims of sexual assault. Ms. Johnson was aware of this problem for several years and took no steps to correct the problem. Again, the 10th Circuit has found that failure to correct an environment that intimidates inmates from reporting sexual assaults can amount to deliberate indifference. "Perhaps most troubling, Sheriff Salazar failed to implement an adequate grievance procedure through which inmates could make complaints without fear of retribution, and which included serious investigation and response." Tafoya v. Salazar, 516 F.3d 912, 920 (10th Cir. 2008). In the Amended Complaint, both Plaintiffs allege that they were eventually violated from ComCor and sent back to the department of corrections because they brought forth the allegations against Mr. Mahler.

The Amended Complaint also makes clear that Ms. Johnson failed to train the staff at ComCor regarding their responsibilities under PREA. The staff at ComCor was not trained on their duty to report other staff members for violations of PREA. The staff at ComCor was not trained on the importance of monitoring the security cameras. If the staff at ComCor been properly trained, then Mr. Mahler would have been reported for interacting one on one with female inmates and making graphic sexual comments. Mr. Mahler would have been reported the first time he led Ms. Suarez to an area that was off camera. If these grooming actions been reported and acted upon, then the subsequent rapes would have never occurred. Ms. Johnson

was aware of her specific duty to train staff regarding PREA but chose not to do so, and Ms. Suarez and Lovato were repeatedly raped because of it.

It is the cumulation of the inactions of Ms. Johnson that led to the Plaintiffs being raped. Ms. Johnson was tasked with implementing the PREA and with preventing staff from raping the inmates. She was made aware of specific risks of sex assault at ComCor, and yet she failed to enforce any policies that would have prevented the rapes. "The knowing failure to enforce policies necessary to the safety of inmates may rise to the level of deliberate indifference." Tafoya v. Salazar, 516 F.3d 912, 919 (10th Cir. 2008). The allegations in the complaint are not isolated incidents. Mr. Mahler was enabled by ComCor to rape two different women on multiple occasions. He did so because of the opportunities provided by Ms. Johnson's inaction. Further, it would be premature for the court to make a decision on Ms. Johnson's state of mind at this stage of the proceeding. Whether or not Ms. Johnson had the culpable state of mind is a question of fact.

**BOBBI VIGIL**

Ms. Vigil was the Director of Operations for ComCor. She was in charge of all personel at ComCor. Similar to Ms. Johnson, Ms. Vigil was on notice of the 2017 Audit and the Colorado Springs Police Department's assertion that the environment at ComCor was suppressing inmates from coming forward with allegations of sexual assault. Ms. Vigil was also directly responsible for failing to properly screen Mr. Mahler. Despite failing to conduct any adequate screening of Mr. Mahler, Ms. Vigil empowered him with supervisory authority over the Plaintiffs. It was through this supervisory authority that Mr. Mahler was able to rape the Plaintiffs. As stated in the Amended Complaint, Ms. Vigil was aware the staff at ComCor was not trained regarding PREA and their duty to supervise fellow employees. Ms. Vigil was aware of the blind spots regarding

video surveillance.  Ms. Vigil was aware staff at ComCor knew of the blind spots.  Ms. Vigil was aware there were times the security cameras were not even being monitored.  Ms. Vigil was deliberately indifferent to the risks posed by the blind spots and staff's awareness of them.

Ms. Vigil could have put security cameras in areas to cover the blind spots. Ms. Vigil could have had staff monitor the security cameras.  Ms. Vigil could have prohibited staff from taking inmates to the blind spots. Ms. Vigil could have trained staff regarding PREA and the importance of reporting fellow staff members for violations.  Ms. Vigil could have taken steps to ensure inmates were not intimidated from reporting sexual abuse.  Ms. Vigil could have done any of these things, but she chose not to and because of those decisions Ms. Lovato and Ms. Suarez were raped by her agent.

**KIRSTEN MARTINEZ**

Ms. Martinez was a security specialist at ComCor.  Ms. Martinez was aware of rumors Mr. Mahler was raping inmates.  As a security specialist, Ms. Martinez was tasked with protecting inmates from sexual assault.  Ms. Martinez refused to investigate any of the rumors involving Mr. Mahler.  It is more than reasonable to infer that Ms. Martinez was aware of the rumors prior to September 13, 2019.  If Ms. Martinez investigated the rumors, the September 13, 2019 rape of Ms. Suarez would not have happened.

**COMCOR**

It is Plaintiffs' position that ComCor, is vicariously liable for William Mahler's sexual assaults under an aided-in-agency theory.  The Federal District Court of New Mexico held that "if an inmate can establish that a prison official with corporal authority over the inmate committed a tort against the inmate, and that the official's position of authority aided the official in the commission of that tort, then the official's employer is vicariously liable for all injuries that

the tort inflicts." Pena v. Greffet, 110 F. Supp. 3d 1103, 1131 (D.N.M. 2015).   The Court's decision in Pena v. Greffet was based primarily on New Mexico's adoption aided-in-agency as stated in the *Restatement (Second) of Agency* § 219(2)(d) (1958). Pena v. Greffet, 110 F. Supp. 3d 1103, 1133 (D.N.M. 2015).  Colorado has adopted the principle of aided-in-agency.  "A principal may be liable for an apparent agent's actions, even if the principal has no knowledge of the agent's conduct or the conduct is not within the scope of employment." Carl's Italian Rest. v. Truck Ins. Exch., 183 P.3d 636, 641 (Colo. App. 2007).

Pursuant to Colorado law, ComCor's liability may well be based on a factual determination of whether Mr. Mahler was an apparent agent or merely a servant.  "Principal-agent, master-servant, and employer-independent contractor concepts each refer to distinct legal relationships which may or may not overlap." Grease Monkey Int'l, Inc. v. Montoya, 904 P.2d 468, 472 (Colo. 1995).  Therefore, this would be an issue more appropriate for determination at the summary judgment stage.

**CONCLUSION**

The Plaintiffs were repeatedly raped at the ComCor facility during the summer of 2019. The Plaintiffs were raped by William Mahler an agent of ComCor, who used his position of authority over them to sexually assault them.  The Plaintiffs were powerless to prevent the sexual assaults and have been punished for reporting them.  These two women are alleging they were raped because the ComCor defendants were deliberately indifferent to the known risks of sexual assaults by staff.  The Plaintiffs deserve to have their accusation determined upon the facts. Therefore, Ms. Lovato and Ms. Suarez ask this Court to deny the motion to Dismiss the Amended the Complaint.

Dated this June 2, 2022

                                                          Respectfully submitted,

                                                          **BARKER & TOLINI, P.C.**

                                                          By:   /s Joshua Tolini

                                                                   Joshua N. Tolini
                                                                   115 E. Costilla
                                                                   Colorado Springs, CO 80903
                                                                   719-227-0230
                                                                   FAX: 719-227-0964

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2022 I electronically filed and served the foregoing **Response to Motion to Dismiss the Amended Complaint** with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the following email addresses.

For Defendant William Mahler

**Anthony John Lally , IV**
White & Steele PC
600 17th Street
Dominion Towers
Suite 600N
Denver, CO 80202-5406
303-296-2828
Fax: 303-296-3131
Email: alally@wsteele.com

**John Charles Matthews**
White & Steele PC
600 17th Street
Dominion Towers
Suite 600N
Denver, CO 80202-5406
303-296-2828

Fax: 303-296-3131
Email: jmatthews@wsteele.com

For Defendants Community Corrections Inc., Mark Wester, Kirsten Martinez, Hillary Johnson, Antonete Jaramillo, and Bobbi Vigil

**Rachelle Joy Ramos Veikune**
Treece Alfrey Musat, P.C.
633 17th Street
Suite 2200
Denver, CO 80202
303-292-2700
Email: rveikune@tamlegal.com

**Paul E. Collins**
Treece Alfrey Musat, P.C.
633 17th Street
Suite 2200
Denver, CO 80202
303-292-2700
Fax: 303-295-0414
Email: pcollins@tamlegal.com

s/ Joshua Tolini

Joshua Tolini