IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:21-cv-01986-RMR-MDB

SHENELLE LOVATO and
ALEXIS SUAREZ,

    Plaintiffs,

v.

WILLIAM MAHLER, in his individual capacity,
COMMUNITY CORRECTIONS INC.,
MARK WESTER, in his individual capacity,
KIRSTEN MARTINEZ, in her individual capacity,
HILLARY JOHNSON, in her individual capacity,
ANTONETE JARAMILLO, in her individual capacity, and
BOBBI VIGIL, in her individual capacity,

    Defendants.

## ORDER

This matter is before the Court on the Motion to Dismiss Plaintiffs' Amended Complaint filed by Defendants Community Corrections Inc., Mark Wester, Kirsten Martinez, Hillary Johnson, Antonete Jaramillo, and Bobby Vigil (collectively, the "ComCor Defendants" or "Defendants") at ECF 55. Plaintiffs filed a Response at ECF 56, and Defendants filed a Reply at ECF 57. The Motion is fully briefed and ripe for review. For the reasons set forth below, the ComCor Defendants' Motion is DENIED.

## I. BACKGROUND[1]

Plaintiffs are former inmates at Community Corrections, Inc. ("ComCor") in Colorado Springs, Colorado. While incarcerated in 2019, Plaintiffs were sexually assaulted by Defendant Mahler, a corrections supervisor employed by ComCor. ECF 53 at ¶¶ 27, 35–39. Plaintiffs allege that these assaults happened as a direct result of the actions and omissions of the ComCor Defendants, who, in their respective roles, were aware of the risk of sexual abuse at ComCor but failed to implement measures to protect the inmates from such abuse. Defendant Wester was ComCor's CEO. *Id*. ¶ 8. As such, he was responsible for the implementation of all ComCor customs, practices, and policies regarding the prevention of sexual assaults. *Id*. Defendant Johnson, ComCor's Director of Quality Assurance, oversaw operations of the residential program and served as the Prison Rape Elimination Act ("PREA") Coordinator for ComCor. *Id*. ¶ 11. As the PREA Coordinator, Defendant Johnson was specifically tasked with protecting the female inmates from being sexually assaulted by male staff members. *Id*. Defendant Jaramillo was ComCor's Director of Human Resources. *Id*. ¶ 10. Defendant Vigil was ComCor's Director of Operations. *Id*. ¶ 12. In that role, Defendant Vigil oversaw all personnel at ComCor. *Id*. Plaintiffs allege that, at all material times, Defendants Johnson, Jaramillo, and Vigil were responsible for supervising Defendant Mahler. *Id*. ¶ 13. Defendant Martinez was a ComCor Security Specialist whose duties included supervising inmates and supervising employees to ensure compliance with PREA. *Id*. ¶ 9.

---

[1] The facts are drawn from the allegations in Plaintiffs' Amended Complaint, which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

According to Plaintiffs, the ComCor Defendants created an environment that discouraged the reporting of sexual abuse and empowered Defendant Mahler to repeatedly rape the Plaintiffs. Prior to their assaults, both Ms. Lovato and Ms. Suarez had been told that complaints against staff would lead to inmates being returned to the Department of Corrections. *Id*. ¶ 22. Plaintiffs also claim that they were required to sign an Acknowledgement stating that any sexual contact between an offender and staff, regardless of whether it was consensual, may result in disciplinary action against the inmate. *Id*. As early as 2016, the Colorado Springs Police Department had reported to ComCor its belief that inmates were intimidated from bringing forth sexual assault violations, due in part to ComCor's history of mishandling sexual assault evidence. *Id*. ¶ 21.

Plaintiffs additionally allege that the ComCor Defendants were aware that the failure to properly monitor the facility created the opportunity for sexual abuse against the inmates and that they were deliberately indifferent to the widely known problem of sexual abuse at ComCor. For example, a 2017 PREA audit revealed that ComCor was inadequately monitoring the facility in regards to the prevention of sexual assaults. *Id*. ¶ 58. Specifically, the audit pointed out that ComCor had poor grounds surveillance, arbitrary disciplinary procedures, high staff turnover, and a lack of staff training regarding rape prevention. *Id*. Plaintiffs allege that, despite these warnings, Defendants have still failed to implement adequate procedures and training pursuant to PREA guidelines, including by failing to train staff regarding their duties to monitor other staff for compliance

and report PREA violations, and to understand the risks of sexual assault female inmates face. *Id*.

Plaintiffs additionally allege that the ComCor Defendants failed to supervise Defendant Mahler in a reasonable manner. Defendant Mahler routinely violated PREA guidelines by interacting one on one with female inmates, entering into female inmates' cells unaccompanied by any other staff, and making graphic sexual comments to female inmates. *Id*. ¶¶ 23–24. Defendant Mahler used his authority as a COMCOR supervisor to lure Ms. Lovato and Ms. Suarez to isolated areas in COMCOR that were outside of video surveillance to commit his sexual assaults. *Id.* ¶ 19. The 2017 PREA audit had found that those specific isolated, unmonitored areas posed concerns and determined that policies needed to be implemented to prevent sexual assaults. *Id.* ¶ 58. Nonetheless, Plaintiffs allege the fact that the video surveillance was not monitored was well known throughout the facility, and Defendant Mahler even bragged to Ms. Suarez that the poorly trained staff would never catch him. *Id*. Plaintiffs allege that the actions and inactions of the ComCor Defendants, in their respective roles, constituted deliberate indifference to an unacceptable risk of sexual assault.

Plaintiffs filed this lawsuit on July 22, 2021. ECF 1. On April 27, 2022, Magistrate Judge Mix granted Plaintiffs leave to file an Amended Complaint. ECF 52. The Amended Complaint, which is the operative complaint, asserts four claims for relief against the ComCor Defendants: (i) Eighth Amendment Failure to Protect; (ii) Battery/Sexual Assault; (iii) Fourteenth Amendment Substantive Due Process/Invasion of Bodily Integrity; and (iv) Negligent Supervision. The ComCor Defendants now move to dismiss the Amended

Complaint, arguing that Plaintiffs have set forth only conclusory allegations that do not provide fair notice to the Defendants of the grounds for the claims made against each of them. ECF 55 at 2.

## II.     LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted). But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted). As a result, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is

very remote and unlikely." *Id.* (quoting *Twombly*, 550 U.S. at 556 (internal quotation omitted)).

### III.     ANALYSIS

Inexplicably, the ComCor Defendants appear simply to have re-filed their original Motion to Dismiss, ECF 27, and styled it as a Motion to Dismiss the Amended Complaint. The title notwithstanding, Defendants' Motion fails entirely to address—much less analyze—the Amended Complaint.[2] The Court could on that basis alone summarily deny Defendants' Motion. The principle of party presentation is a fundamental premise of our adversarial system. *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). "[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Id*. (quotations and citation omitted). "In other words, 'courts do not sit as self-directed boards of legal inquiry and research.'" *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 885 (10th Cir. 2021) (quoting *Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 147 n.10 (2011)). As a general rule, "our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Sineneng-Smith*, 140 S. Ct. at 1579 (internal quotations and alterations omitted). The Court will not make arguments for the parties, nor should the parties expect that the Court will consider arguments that the parties could have made but did not. Nonetheless, in the interests of expediency and efficiency, the Court has undertaken an independent

---

[2] Indeed, as Plaintiffs pointed out in their Response, even the citations in Defendants' Motion are to the Original Complaint, not the Amended Complaint. *See* ECF 56 at 4.

review of the Amended Complaint in an attempt to address the narrow issues presented by Defendants' briefing.[3]

The Supreme Court has held that "a prison official's 'deliberate indifference' to a substantial risk of serious harm" implicates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 829 (1970). "[W]hen the State takes a person into its custody and holds [her] there against [her] will, the Constitution imposes upon it a corresponding duty to assume some responsibility for [her] safety and general well-being*.*" *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989); *J.K.J. v. Polk Cty.*, 960 F.3d 367, 381 (7th Cir. 2020), *cert. denied sub nom. Polk Cty., Wisconsin v. J.K.J.*, 141 S. Ct. 1125, 208 L. Ed. 2d 563 (2021). It is undisputed that a prison official's sexual assault against an inmate constitutes an Eighth Amendment violation. *Green v. Padilla*, 484 F. Supp. 3d 1098, 1155 (D.N.M. 2020).

To establish a claim of supervisory liability under § 1983, a plaintiff must plead factual allegations to show that the defendant, through their own actions, violated the plaintiff's constitutional rights. The plaintiff must show an affirmative link between the defendant and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement, (2) causation, and (3) state of mind. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). The third prong—culpable state of mind—can be established by showing that the official acted with deliberate indifference. *Perry v. Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018). "A

---

[3] Counsel is cautioned that inadequate briefing taxes judicial resources and impairs the proper administration of the court system. Future duplicative and/or frivolous filings may be summarily stricken and may further result in the imposition of sanctions.

supervisory correctional official is liable for an inmate's sexual assault when the supervisory official knew that there was an unacceptable risk of assault but did nothing to protect an inmate who was subsequently assaulted." *Padilla*, 484 F. Supp. 3d at 1156.

The Tenth Circuit has noted that in a civil rights case asserting claims against individual government actors, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations" against an entire group of defendants. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).

Here, the sole argument that the ComCor Defendants raise for dismissing Plaintiffs' § 1983 claims is that the Plaintiffs have failed to identify the specific actions taken by particular defendants, such that "it is impossible for any of the Movant Defendants to prepare a defense based on these insufficient allegations." ECF 55 at 7. *See also id*. at 10 ("It is simply impossible for any of the Movant Defendants to ascertain what particular acts they are alleged to have committed" with respect to Plaintiffs' claims under the Fourteenth Amendment).

Defendants' argument has no merit. To the extent that Plaintiffs' initial pleading may have suffered from specificity issues, the Court finds that the Amended Complaint sufficiently cures any such deficiencies. On its face, the Amended Complaint adequately describes the conduct for which each of the ComCor Defendants is being considered liable and enables them to prepare a responsive pleading. Should discovery reveal that the actions of one or more Defendants are insufficient for liability to attach, they may

present such evidence on summary judgment or at trial. *See Ferguson v. Bd. of Cnty. Commissioners of Sierra Cnty.*, No. CV 11-1001 WPL/CG, 2013 WL 12334214, at *4 (D.N.M. Apr. 2, 2013). At this juncture, however, the Court is satisfied that the ComCor Defendants are on notice of the claims against them and able to discern their respective roles in the alleged misconduct such that the case can move forward on the Amended Complaint.

The ComCor Defendants also argue that Plaintiffs' negligent supervision and intentional tort claims should be dismissed because Plaintiffs failed to plausibly allege that any of the ComCor Defendants knew or should have known that Defendant Mahler's conduct would subject female inmates to an unreasonable risk of harm. ECF 55 at 11. Once again, the Court is not persuaded. While an argument along these lines may or may not eventually have merit as a factual matter, it necessarily depends on a detailed examination of Plaintiffs' allegations. As the ComCor Defendants have not bothered to undertake such an examination here, whether and to what extent their arguments still apply to the Amended Complaint is not immediately evident. Taking the current allegations as true and viewing them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have alleged sufficient facts to survive a motion to dismiss.

At this stage in the proceedings, Plaintiffs need not prove the allegations in their complaint. They must only allege facts that state a non-speculative claim for relief and provide the Defendants with notice of the actual grounds of the claim(s) against them. Plaintiffs' Amended Complaint accomplishes both. The Court will therefore deny the ComCor Defendants' motion to dismiss.

## IV. CONCLUSION

For the reasons stated herein, the ComCor Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, ECF 55, is DENIED.

DATED: March 23, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge